**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRADLEY F. AUBEL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 11-cv-685 |
| MCGILL MANAGEMENT, INC. and | ) | |
| FOSCO FULLETT ROSENLUND, P.C. k/n/a | ) | |
| FULLETT ROSENLUND ANDERSON P.C., | ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bradley F. Aubel ("Aubel") filed a two count complaint, alleging that defendant Fosco Fullett Rosenlund, P.C. k/n/a Fullett Rosenlund Anderson P.C. ("Fullett") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., ("FDCPA"), when Fullett filed a state eviction action against Aubel after he fell behind on condominium common expenses and failed to pay lawyer's fees associated with Fullett's attempt to collect the debt. The parties filed cross motions for summary judgment. Aubel argues that Fullett clearly abused the FDCPA. Fullett argues that it did not misrepresent the debt owed and even if any false representations were made, they were unintentional and not actionable under the bona fide error defense. For the following reasons, this Court grants Fullett's motion for summary judgment and denies Aubel's motion for summary judgment.

**Background**

The facts of this case are largely undisputed. Plaintiff Aubel owns a unit in New Century Town Condominium Association No. 3 ("New Century") located in Lake County, Illinois. The condominium association is governed by the Declaration of Condominium Ownership and of Easements, Restrictions, and Covenants for New Century Town Condominium Association No. 3 ("Declaration"). Under the Declaration, New Century's association board can enter into an agreement for services of a managing agent. New Century entered into such an agreement with McGill Management, Inc. ("McGill"). As New Century's managing agent, McGill manages New Century's properties and regularly collects debts on the association's behalf for unpaid common expenses. Fullett is a law firm located in Lake County, Illinois that McGill retained to pursue legal action in the collection of debts owed to New Century. Under the Declaration, New

1

Century's board could file a Forcible Entry and Detainer lawsuit for the failure to pay common expenses and collect all costs associated with enforcing a suit for nonpayment including attorneys' fees.

In the first half of 2009, Aubel fell behind on his common expense payments. The present conflict between the parties arises out of the billing statements and collection notice sent to Aubel in July and August 2009.

- On July 3, 2009, Fullet sent Aubel a Notice and Demand for Possession ("Notice") on behalf of New Century. The Notice stated that Aubel owed $737.51 in common expenses and $217.23 in attorneys' fees and costs. It also provided Aubel 30 days to dispute the debt.

- On July 7, 2009, Marilu Salazar, Aubel's assistant, called Fullett to request an explanation of the amounts due.

- On July 13, 2009, Fullett sent Aubel a letter itemizing the debt, indicating a balance of $472.74 and "legal fees/costs" of $217.23 (Def. Ex. F, Dkt. #70-6).

- On August 3, 2009, Aubel received the August 1, 2009, billing statement from New Century indicating a balance of $256.04.

- On August 10, 2009, Marilu Salazar went to the condo association office to deliver a payment on behalf of Aubel and received a handwritten receipt in the amount of $258.00.

- On August 7, 2009, McGill authorized Fullett to proceed with filing a state court complaint against Aubel.

- On August 14, 2009, Fullett filed a complaint on behalf of McGill and New Century against Aubel in the Circuit Court of Lake County.

- On September 1, 2009, Aubel received his billing statement from New Century showing a $258 credit on the account from August 11, 2009, and a new balance of $153.57.

- On September 10, 2009, Marilu Salazar delivered payment on the September billing statement.

The billing statements from New Century and McGill did not include the $217.23 in attorneys' fees previously billed to Aubel from Fullett. New Century and McGill did not communicate with Fullett concerning the status of Aubel's account. On August 7, 2009, McGill authorized Fullett

to proceed with filing a state complaint against Aubel for the amounts due, which Fullett did on August 14, 2009. Fullett asserts that at no time after July 3, 2009, did any McGill or New Century representatives advise Fullett that Aubel was up to date on his common expenses or that Fullett should cease collection of the debt.

Aubel, an attorney, represented himself in the state court proceedings. At the initial hearing on September 1, 2009, Aubel requested a continuance, which the court granted and set the case for a status on September 30, 2009. For reasons that are unclear, Aubel contends that he did not receive notice of the extension or the September 30, 2009 status date. On September 30, 2009, Fullett moved for a default judgment against Aubel for failure to answer or otherwise plead. That motion was granted. Aubel later had that judgment vacated.

On August 13, 2010, Aubel filed a complaint against McGill and Fullett in the Circuit Court of Cook County, which defendants removed to this Court on January 31, 2011. All claims against McGill were dismissed on September 30, 2011. Aubel alleges that Fullett violated the FDCPA by filing the state court action when he was in fact up to date with his association fees. On November 14, 2012 the parties filed cross motions for summary judgment.

**Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see also Fed. R. Civ. P. 56(c). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). On cross-motions, summary judgment is appropriate only when evidence as a whole shows there is no genuine dispute as to any material fact, *Davis v. Time Warner Cable of Southeastern Wis., L.P.,* 651 F.3d 664, 671 (7th Cir. 2011), regardless of which motion the evidence is attached. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

**Discussion**

Fullett argues that it is entitled to summary judgment on Count I of Aubel's complaint because McGill advised Fullett that Aubel's account was past due when Fullett initiated legal action to collect the debt. Aubel argues that his debt was settled on August 10, 2009, when he

paid McGill and New Century $258.00 after receiving a billing statement in August. Section 1692e(2)(A) of the FDCPA prohibits the "false representations of the character, amount, or legal status of any debt." 15 USCS § 1692e(2)(A)

Here, Fullett made no such false representations. Aubel did in fact owe New Century back payments for common expenses as well as $217.23 in attorneys' fees when Fullett first sent Aubel the Notice and Demand for Possession. While Aubel eventually brought his account with McGill and New Century up to date with regards to common expenses, he never paid the attorneys' fees incurred by Fullett initiating legal action to collect the arrearage. Although McGill and New Century did not list the attorneys' fees in the monthly billing statements issued to Aubel, Fullett provided Aubel with notice of the attorneys' fees and costs in both the July 3, 2009, Notice and Demand for Possession and in Fullett's letter to Aubel verifying the debt on July 13, 2009. Thus, McGill and New Century's failure to include those attorneys' fees in their monthly billing statements does not amount to a false representation by Fullett. Additionally, at the time that Fullett filed the state law suit, Aubel still had not paid the lawyer's fees due on his account and McGill confirmed that it wanted to proceed with the eviction lawsuit. Lastly, the Declaration provided that condominium unit owners would be liable for costs and attorneys' fees associated with legal action to collect common expenses.

Fullett further argues that even if it unintentionally misrepresented Aubel's debt when filing the state eviction law suit, it is entitled to summary judgment pursuant to the bona fide error defense. A defendant is entitled to invoke the FDCPA's bona fide error defense only if it can show that the violation: (1) was unintentional, (2) resulted from a bona fide error, and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error. *Ruth v. Triumph P'Ships*, 577 F.3d 790, 803 (7th Cir. Ill. 2009). To the extent that Aubel was up to date on his common expenses, even if he had not paid the attorneys' fees associated with his late payments, any false representations by Fullett were unintentional and the result of a bona fide error.

Before initiating the eviction lawsuit, Fullett issued a Notice and Demand for Possession upon notice from the managing company McGill that Aubel was behind on payments. (Dkt. 83 at ¶ 11). The notice gave Aubel thirty days to inform Fullett whether or not he disputed the debt, including missed common expenses and attorneys' fees. (Dkt. 83 at ¶ 12). The Notice and Demand for Possession, specifically provided that Fullett would assume the debt was valid

unless Aubel notified its office that he disputed the validity of the debt. (Dkt 70, Ex. F). Aubel never disputed the validity of the debt which included both missed common expenses owed to New Century and attorneys' fees in attempting to collect the debt. Upon the expiration of the notice letter, Fullett verified the debt with a ledger reflecting Aubel's balance due. (Dkt. 83 at ¶ 16). Thereafter on August 7, 2009, McGill authorized Fullett to file the state complaint, which it did on August 14, 2009. Two weeks after filing the state lawsuit, Fullett informed McGill that its legal fees had not been paid and inquired whether McGill still wished to proceed with the eviction suit. (Dkt. 83 at ¶ 45). Fullett pursued the eviction suit only after McGill confirmed that it still wished to proceed with legal action commenced. The Court finds Fullett's efforts to confirm the amount owed by Aubel, to discover whether McGill intended to continue with the eviction suit, and to confirm the actual amounts due in both common expenses and legal fees sufficient to invoke the bona fide error defense. Accordingly, Fullett is entitled to judgment as a matter of law on Count I.

Having granted Fullett's motion for summary judgment with regards to Count I of Aubel's complaint for alleged violations of 15 USCS § 1692e(2)(A), the Court finds that similarly Count II of Aubel's complaint for violations of 15 U.S.C. § 1692f should be dismissed. The bona fide error defense is equally applicable to all Aubel's FDCPA claims. Based on the foregoing reasons, Aubel's complaint is dismissed in its entirety.

Conclusion

Fullett's motion for summary judgment [68] is granted for the reasons stated herein. Aubel's motion for summary judgment [67] is denied. Aubel's complaint is therefore dismissed.

IT IS SO ORDERED.

_____

Date: September 23, 2013

_____
Sharon Johnson Coleman
United States District Judge

5